UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC. | * | CASE NO. 2:23-cv-00894-GGG-JVM |
| | * | |
| VERSUS | * | |
| | * | |
| LOWER D. GROUP, LLC D/B/A AMERICAN | * | |
| SPORTS SALOON, JAMES "JIM" E. BOOK, | * | |
| ROBERT MENDOZA | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER AND REASONS**

The Court has before it Plaintiff G&G Closed Circuit Events, LLC's ("G&G") Motion for Summary Judgment as to its claims raised against remaining Defendant James E. Book. R. Doc. 40. The Court has already entered an order of Default Judgment against Defendant Lower D Group, LLC ("Lower D"), a limited liability company of which Book is a member. R. Doc. 25. Book, proceeding *pro se*, has failed to file an opposition to G&G's Motion. Nonetheless, G&G has failed to show that it is entitled to summary judgment in its favor against Book. Accordingly, the Court must DENY the Motion.

1

Under Louisiana law, "no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company" and "is not a proper party to a proceeding . . . against [the] limited liability company[.]" La. R.S. 12:1320(B–C). Of course, this protection from liability does not preclude claims against an LLC member for "fraud[,]" "breach of professional duty, or other negligent or wrongful act[s]" based upon his individual conduct. La. R.S. 12:1320(D). But G&G has failed to show that there is no genuine issue of material fact as to whether the conduct it alleges Book undertook in his individual capacity constitute fraud, breach of professional duty, or negligent or wrongful acts such that he may be held liable in this matter notwithstanding the protection of La. R.S. 12:1320.

In support of this argument, G&G asserts Book had the "right and ability to supervise the infringing activities" and "possessed an obvious and direct financial interest in the exploitation of G&G's rights." R. Doc. 40-2 at 4–5. However, if the right and ability to supervise and a financial interest in the actions of an LLC alone were sufficient to hold a member of that LLC liable for those actions, practically any member of an LLC could be held liable for its actions regardless of his lack of actionable individual conduct, and the protection from liability provided by La. R.S. 12:1320 would be rendered meaningless. G&G alleges the sale of alcohol during the infringing activities "could only have been accomplished by Book and [former Defendant Robert] Mendoza or under their direct supervision and instructions" and that Book "offers no evidence that refutes any activity on the saloon's premises or his supervisory capacity." But even if the Court were to hold that selling alcohol or directing the sale of alcohol during the infringing activities constitutes an action for which a member of the Lower D LLC could be held liable under La. R.S. 12:1320(D), this allegation fails to show a lack of genuine issue of material fact as to whether that action was

undertaken by *Book specifically*, and that is not Book's burden to carry. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Accordingly;

**IT IS ORDERED** that G&G's Motion for Summary Judgment, R. Doc. 40, is **DENIED**.[1]

New Orleans, Louisiana, this 3rd day of June, 2024.

_____
Greg Gerard Guidry
United States District Judge

---

[1] The Court notes that its denial of G&G's Motion does not resolve this matter—because Book has filed neither a motion to dismiss nor his own motion for summary judgment, the Court cannot consider whether the claims raised by G&G against him ought instead to be resolved in Book's favor and dismissed. However, considering the provisions of La. R.S. 12:1320, on the face of its Complaint, R. Doc. 1, it appears doubtful that G&G has successfully stated any claim against Book in his individual capacity for which relief can be granted as a matter of Louisiana law.